# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

Case No. 5D2025-0618
LT Case No. 2024-DR-000197

———————————————————

ALFRED J. MCBEAN,

    Appellant,

    v.

PATRICIA MCBEAN,

    Appellee.

———————————————————

On appeal from the Circuit Court for Flagler County.
Christopher A. France, Judge.

Neyza Lyzbeth Guzman, of The Law Offices of Neyza L. Guzman
PLLC, Orlando, for Appellant.

Marc E. Dwyer, of Dwyer & Knight Law Firm, Flagler Beach, for
Appellee.

August 14, 2026

MACIVER, J.

    Alfred J. McBean ("Former Husband") appeals the Final
Judgment of Dissolution of Marriage rendered January 30, 2025,
which, among other things, granted Patricia McBean's ("Former
Wife") injunction for protection against stalking.

    Because the record demonstrates legal insufficiency on the face
of Former Wife's petition for an injunction for protection, that

portion of the Final Judgment is reversed and remanded with instructions to vacate the injunction. *See Singleton v. Nooney*, 386 So. 3d 640, 641 (Fla. 5th DCA 2024) ("the petition was insufficient to support an injunction for protection against stalking . . . and we therefore reverse and remand for the trial court to vacate the injunction").

Former Husband's challenges to the non-injunctive portions of the order are dismissed as non-appealable, non-final rulings. *See Saidin v. Korecki*, 202 So. 3d 468, 470 (Fla. 1st DCA 2016) (holding that appellate jurisdiction to review non-final orders granting injunctive relief does not extend to afford review of non-injunctive portions of non-final order). The dismissal is without prejudice to Former Husband's right to challenge future appealable orders entered in this case.

DISMISSED in part and REVERSED in part and REMANDED to vacate the Final Injunction for Protection Against Stalking.

JAY, C.J., concurs.
LAMBERT, J., concurs with opinion.

––––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––––

2

LAMBERT, J., concurring.

I concur with the majority opinion but write briefly to explain my reasoning.

Three days before the scheduled non-jury trial in the parties' dissolution of marriage litigation, Former Wife filed a "Supplemental Petition for Partition by Sale and Injunction for Protection Against Stalking." Contextually, this pleading appeared to be a request by Former Wife to amend her previously filed petition for dissolution of marriage and to vacate a portion of the parties' earlier partial marital settlement agreement regarding one of their marital properties.

Former Husband did not attend the trial; and the final judgment dissolving the parties' marriage granted to Former Wife, among other things, the relief that she requested in this supplemental petition. The majority opinion reverses that part of the final judgment granting the injunction for protection against stalking with instructions to vacate the injunction, with which I agree.[1]

As to the disposition of the subject real property by partition, though there are, in my view, legitimate due process concerns in how this was accomplished, two overarching principles, in addition to the jurisdictional issue raised by the majority, militate against Former Husband's request for relief here.

First, Former Husband, who has the burden on appeal to show reversible error, *see Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979), has not provided a transcript from the trial or an approved substitute. The final judgment shows that

---

[1] To be clear, I take no position on whether an injunction for protection against stalking is warranted if Former Wife later files a statutorily-compliant petition seeking the injunction and the trial court holds an evidentiary hearing on the petition.

3

the trial court received and evaluated testimony on the partition claim and that Former Husband's failure to make mortgage and other payments on the subject real property was directly and negatively affecting Former Wife. Absent the transcript, we have no way of knowing if, for example, Former Wife testified to having discussions with Former Husband about her requested partition and if Former Husband advised Former Wife to having no objection to Former Wife proceeding with the partition despite short notice.

Second, although Former Husband timely filed a pro se motion for rehearing to the final judgment, his motion raised no issue with the court's partition of the subject real property. As such, despite his contention here that this issue was not properly before the court at trial, by failing to specifically bring this allegedly unanticipated matter to the trial court's attention in his motion for rehearing, Former Husband may well have waived this claim. *See Moody v. Newton*, 264 So. 3d 292, 294 (Fla. 5th DCA 2019). However, because the final judgment contemplates additional judicial labor to finalize the partition, the majority's disposition of dismissing this aspect of Former Husband's appeal without prejudice to a later appellate challenge provides him a possible avenue for relief; and the issue of waiver is for another day.